<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| DAVID RODRIGUEZ,<br><br>     Plaintiff,<br><br>   v.<br><br>DICK'S SPORTING GOODS, INC.,<br><br>     Defendant. | Civil Action No. 26-1489 (MAS) (JTQ)<br><br>**MEMORANDUM OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court upon Defendant Dick's Sporting Goods, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 5) Plaintiff David Rodriguez's ("Plaintiff") Complaint (ECF No. 1-1). Plaintiff opposed. (ECF No. 6.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1(b). For the reasons stated below, the Court grants Defendant's Motion to Dismiss.

## I. <u>BACKGROUND</u>[1]

### A. **Factual Background**

On or about January 22, 2024, Plaintiff was at a premises located at 310 NJ-36, Unit 602, in West Long Branch, New Jersey. (Compl. 1 ¶ 1[2], ECF No. 1-1.) Defendant is the "owner[] or lessee[]" of the premises and is "engaged in the business of business and property management,

---

[1] For the purpose of considering the instant motion, the Court accepts all factual allegations in the Complaint as true. *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

[2] The Court notes that Plaintiff reuses paragraph numbers in his Complaint. For clarity, the Court identifies the page number and paragraph number for the paragraphs cited. As an example, the cite "1 ¶ 1" refers to the paragraph 1 found on page 1 of the Complaint.

and [is] charged with the responsibility of maintaining its premises in a safe manner." (*Id.* at 1-2 ¶¶ 2, 5.) Plaintiff alleges that Defendant "negligently, carelessly[,] and recklessly owned, managed, controlled, supervised, repaired, constructed[,] and maintained the . . . premises and caused, permitted[,] or allowed the stairs to be unstable and [in] a dangerous condition[.]" (*Id.* at 2 ¶ 6.) On the premises, Plaintiff alleges that he slipped on water due to Defendant's "negligence, carelessness, and recklessness." (*Id.* at 2 ¶ 7.) Plaintiff further claims that, as a result of such negligence, "Jessica Lorenzo[] sustained personal injuries which caused, and will cause in the future, permanent disability, disfigurement and loss of bodily function[,] medical and other expenses[,] loss of income and reduced earning capacity[,] pain and suffering[,] and an interference with Plaintiff's ability to engage in active pursuits." (*Id.* at 3 ¶ 8.)

### B.      Procedural Background

Plaintiff initially filed his Complaint in the Superior Court of New Jersey, Law Division, Monmouth County in January 2026 alleging claims for: (1) negligence ("Count One"); (2) negligence through a theory of vicarious liability and/or respondeat superior ("Count Two"); and (3) breach of warranty and strict tort liability ("Count Three"). (*See generally id.*) On February 16, 2026, Defendant removed the matter to this Court. (*See generally* Notice of Removal, ECF No. 1.) One week later, Defendant filed the instant Motion to Dismiss. (*See generally* Def.'s Mot. to Dismiss, ECF No. 5.) Plaintiff opposed. (*See generally* Pl.'s Opp'n Br., ECF No. 6.)

## II.      LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2)[3] "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

---

[3] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Civil Procedure.

what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

A district court conducts a three-part analysis when considering a motion to dismiss under Rule 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). First, the court must identify "the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must identify all of the plaintiff's well-pleaded factual allegations, accept them as true, and "construe the complaint in the light most favorable to the plaintiff." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). The court can discard bare legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed the plaintiff. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Third, the court must determine whether "the [well-pleaded] facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 210 (quoting *Iqbal*, 556 U.S. at 678). On a Rule 12(b)(6) motion, the "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## III.   DISCUSSION

Defendant argues, in part, that Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim upon which relief can be granted. (*See* Def.'s Moving Br. 3-6, ECF No. 5-1.) The Court first turns to Plaintiff's negligence claims.

3

## A.    Plaintiff's Negligence Claims (Counts One and Two)

Defendant first argues that dismissal of Count One is warranted because Plaintiff fails to adequately plead a claim for negligence. (*Id.* at 3.)

> To plausibly state a negligence claim in New Jersey, a plaintiff must allege four key elements: "(1) that the defendant owed [a] duty of care to the plaintiff[;] (2) that the defendant breached that duty[;] (3) that the breach was a proximate cause of the plaintiff's injuries[;] and (4) that the plaintiff suffered actual compensable injuries as a result."

*Hirsch v. Miles*, No. 21-12246, 2022 WL 395816, at *3 (D.N.J. Feb. 9, 2022) (quoting *Kubert v. Best*, 75 A.3d 1214, 1222 (N.J. Super. Ct. App. Div. 2013)).

Defendant argues that Plaintiff "does not claim that he suffered any damages as a result of his alleged fall in . . . Count [One] . . . and, therefore, fails to plead a prima facie case of negligence" as "Jessica Lorenzo is not a party to this case[.]" (Def.'s Moving Br. 5.) In opposition, Plaintiff argues that "there is no doubt that the name Jessica Lorenzo was misplaced in . . . Count [One] of the Complaint regarding the injury instead of David Rodriguez due to a typographical error" and that the other Counts "specifically state[] that [Plaintiff] was injured by the negligence of" Defendant. (Pl.'s Opp'n Br. *4[4].) The Court agrees with Defendant and finds that Plaintiff fails to allege that he suffered any injuries, a required element of a negligence claim. (*Id.* at 3 ¶ 7); *see Hirsch*, 2022 WL 395816, at *3.

Plaintiff's Complaint alleges that "[a]s a result of the . . . negligence of . . . [D]efendant[], the plaintiff, *Jessica Lorenzo*, sustained personal injuries which caused, and will cause in the future, permanent disability, disfigurement and loss of bodily functions; medical and other expenses; loss of income and reduced earning capacity; pain and suffering; and an interference

---

[4] Page numbers preceded by an asterisk refer to the page numbers noted in the ECF header.

4

with Plaintiff's ability to engage in active pursuits." (Compl. 3 ¶ 8 (emphasis added).) Even if it is merely a typographical error, the facts of the Complaint as alleged do not allege a claim for negligence resulting from injuries sustained by *Plaintiff*. The Court finds dismissal warranted on this basis alone.

Moreover, even if Plaintiff did adequately allege an injury, the Court finds that Plaintiff did not adequately allege the other elements of a negligence claim. *See Hirsch*, 2022 WL 395816, at *3. Specifically, the Court finds Plaintiff's allegations regarding Defendant's duty and subsequent breach of that duty to be too conclusory in nature. For example, Plaintiff merely alleges that he was a "lawful invitee" of Defendant (*see* Compl. 1 ¶ 1), which is no more than a legal conclusion, and does not otherwise allege facts to plead that he was a lawful invitee. *See, e.g., Eisenbrey v. Wal-Mart Stores E., LP*, No. 24-6299, 2024 WL 4712833, at *6 (D.N.J. Nov. 7, 2024) (finding plaintiff failed to state a claim for negligence under New Jersey law where plaintiff's complaint "refer[red] to herself as a 'business invitee' . . . , which is a legal conclusion, without providing any factual support for this assertion, such as stating that [p]laintiff was a . . . customer [of defendant] or otherwise explaining why she was at [defendant's] [s]tore"). Additionally, the Court notes that Plaintiff inconsistently alleges that Defendant "permitted or allowed the stairs to be unstable and [in] a dangerous condition" (Compl. 2 ¶ 6), but later alleges that Defendant's "negligence, carelessness, and recklessness" caused him to "slip on water" (*id.* at 2 ¶ 7) such that it is unclear what Plaintiff alleges the breach was or what the proximate cause of any sustained injury was. As a result, the Court finds that Plaintiff has not adequately alleged a claim for negligence for these additional reasons.

The Court therefore grants Defendant's motion as to Count One. Count One is, accordingly, dismissed.[5]

**B.      Breach of Warranty and Strict Tort Liability (Count Three)**

Defendant argues that Count Three should be dismissed because "[t]his is not a products liability case, nor any other type of tort case that would render [Defendant] strictly liable" under a claim for breach of warranty or strict tort liability. (Def.'s Moving Br. 5-6.) In opposition, Plaintiff concedes that he has "no objection [to] withdrawing . . . Count [Three]." (Pl.'s Opp'n Br. *4.)

The Court therefore grants Defendant's motion as to Count Three. Count Three is, accordingly, dismissed.

## IV.      CONCLUSION

For the reasons set forth above,[6] Defendant's Motion to Dismiss is granted. Plaintiff's Complaint is dismissed without prejudice.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

Dated: _____7/23/26_____

---

[5] Count Two is a negligence claim premised on the allegation that "[a]s a result of [D]efendant['s] negligence, . . . [P]laintiff was injured" and Defendant is "liable for the actions or inactions of [its] employees, agents[,] and/or servants through the [d]octrines of [v]icarious [l]iability and/or [r]espondeat [s]uperior." (Compl. 3-4 ¶ 3.) As the Court finds that Plaintiff has failed to state a claim for negligence under Count One, the Court finds that Count Two likewise fails and must also be dismissed.

[6] Because the Court finds that dismissal of all three claims is appropriate here, it need not reach the other grounds set forth in Defendant's motion.